# Commonwealth ex rel., Appellant, *v.* Zalewski.

*Municipalities—Counties—Boroughs—Councilmen, Act of May 14, 1915, P. L. 312, Chapter 7, Article I, Section 2—Quo warranto.*

1. Section 2 of Article I, of Chapter VII of the Borough Act of May 14, 1915, P. L. 312, designating a judge, justice of the peace of the county or burgess of the borough, when he is qualified, as the officer before whom a borough councilman's oath of office "may be taken" is directory or permissive, not mandatory, and the oath may be taken before a notary public.

2. Where a suggestion for a writ of quo warranto to oust a borough councilman from office alleged that he had never been properly qualified because he had taken the oath of office before a notary public, and not before one of the officers designated by the said Act of 1915, a demurrer to the suggestion was properly sustained.

Submitted Feb. 26, 1918. Appeal, No. 43, Jan. T., 1918, by relator, from judgment of C. P. Lackawanna Co., Jan. T., 1918, No. 320, refusing judgment of ouster in quo warranto proceedings in case of Commonwealth ex rel. George W. Maxey, District Attorney, v. Joseph Zalewski. Before Brown, C. J., Potter, Stewart, Moschzisker and Walling, JJ. Affirmed.

Suggestion for writ of quo warranto. Before Edwards, P. J.

The opinion of the Supreme Court states the facts.

The respondent demurred to suggestion for the writ. The court entered judgment for the respondent on the demurrer. Relator appealed.

*Error assigned* was the judgment of the court.

*A. A. Vosburg,* for appellant.

*M. J. Martin* and *Ralph W. Rymer,* for appellee.

Opinion by Mr. Chief Justice Brown, June 3, 1918:
This proceeding was instituted to oust the appellee

from his office as councilman of Dickson City Borough, on the ground that he had taken his oath of office before a notary public. Section 2, Article I, Chapter VII, of the Act of May 14, 1915, P. L. 312, provides that, "Before entering upon the duties of their office, the councilmen shall take and subscribe an oath or affirmation to support the Constitution of the United States and of the Commonwealth of Pennsylvania, and to perform the duties of their office with fidelity. The oath or affirmation may be taken before any judge or justice of the peace of the county, or before the burgess of the borough, when he is qualified, and shall be entered upon or filed among the records of the borough." Before entering upon his duties the appellee took the oath so prescribed, and the notary public who administered it to him had power to administer an oath, "as fully, to all intents and purposes whatsoever, as any judge of the Supreme Court, or president, or associate judge, of any of the Courts of Common Pleas, or any alderman, or justice of the peace, within this Commonwealth": Act of August 10, 1864, P. L. 962. The provision in the Act of 1915 that the councilmanic oath of office "may be taken" before a judge, justice of the peace or burgess, is merely directory or permissive, and not mandatory, as it would be if the word "shall" had been used instead of "may," and the learned president judge of the court below correctly so held.

Judgment affirmed.